Frederic MARIN, Appellant,

v.

Arthur R. MYERS and Advance, Inc., Appellees.

No. 80–1870.

United States Court of Appeals, Fourth Circuit.

Argued Aug. 4, 1981.

Decided Oct. 6, 1981.

Certiorari Denied March 29, 1982. See 102 S.Ct. 1752.

John H. Klein, Norfolk, Va. (Breit, Rutter & Montagna, Norfolk, Va., on brief), for appellant.

Allan S. Reynolds, Norfolk, Va. (Reynolds, Smith & Winters, Norfolk, Va., on brief) and Richard I. Gulick, Norfolk, Va. (Gulick & Maynard, Norfolk, Va., on brief), for appellees.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

PER CURIAM:

Frederic Marin was injured when he fell while attempting to board the clam boat ADVANCE. He sued to recover damages from F. V. Advance, Inc., owner of the boat, and Arthur R. Myers, owner of the Cape Charles Docks in eastern Virginia, where the boat was moored. The district court directed a verdict against the plaintiff. He appeals, and we affirm.

Myers wanted to purchase the AD-VANCE and asked Chemical Bank of New York for a loan. Marin, an auditor for the bank, was sent to appraise the ADVANCE. The only way to board the boat was to step on some pilings next to the dock, step down onto one of the boat's side rails, and then step down again to the deck. Marin was wearing street shoes when he attempted this boarding procedure. He slipped on a wet piling, and fell face first onto the deck.

Marin alleged negligence on the part of both F. V. Advance, Inc. and Myers. There was conflicting testimony about whether Marin had been told of the hazards of boarding the ADVANCE or had been cautioned that he should have worn other shoes. However, Marin did admit knowing that the pilings were wet.

The case was tried to a jury. After both sides had rested, the court took a brief recess during which Marin had a conversation with a juror. The judge was informed of this conversation and orally declared a mistrial after questioning both Marin and the juror.[1] However, the judge then decided it would be better to direct a verdict in favor of both defendants on the ground that they did not have the duty to warn Marin of an open and obvious danger.

On appeal, Marin's first argument is that the district judge lost authority to direct a verdict after he had declared a mistrial. We summarily reject this contention. Even though the judge had verbally indicated that he was declaring a mistrial, he retained the power to reconsider his own actions.

Marin's alternative argument is that a directed verdict was improper because of the conflicting testimony whether the defendants had warned him of the danger of crossing the wet pilings in street shoes. The fundamental flaw in this argument is that the defendants had no duty to warn Marin of this type of danger.

Marin was a business invitee as to both the dock owner and the boat owner. Myers, the dock owner, who is subject to the law of Virginia, owed Marin a duty of reasonable care, but was not obligated to warn him of open and obvious dangers. *Atlantic Co. v. Morrisette*, 198 Va. 332, 333, 94 S.E.2d 220, 222 (1956). Similarly, under admiralty law, F. V. Advance, the boat owner, had a duty to warn Marin only of latent defects. *Riddle v. Exxon Transp. Co.*, 563 F.2d 1103 (4th Cir. 1977).

The evidence shows that the wet and slippery condition of the piling was open and obvious to anyone exercising reasonable caution for his own safety. Indeed, Marin himself admitted knowing that the piling was wet. Marin clearly proceeded at his own risk, and therefore was not entitled to recover from either defendant.

In sum, the district court's decision correctly reflects the reality that a new trial in this case would be a fruitless exercise, progressing only to the point where the defendants again would be entitled to a directed verdict. Accordingly, the decision of the district court is affirmed.

AFFIRMED.

---

1. No order directing a mistrial was ever entered.